**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FILED

MR. JOEL BRETT SMITH                          CIVIL ACTION

        v.

MARY E. SABOL, Warden, ET AL.                 NO. 11-4557

M E M O R A N D U M

GARDNER, J.

                                              JULY   22, 2011

        Plaintiff, a prisoner at SCI-Chester, has filed a pro
se motion to proceed in forma pauperis, and a 42 U.S.C. § 1983
civil rights action in which he alleges, inter alia, that he was
assaulted and seriously injured by prisoners at York County
Prison, where he was previously confined, and that he was not
provided proper medical care for his injuries. He seeks monetary
relief.

        For the reasons outlined below, this Court will grant
plaintiff temporary in forma pauperis status for the sole purpose
of filing this action in this Court. The action will then be
transferred to the United States District Court for the Middle
District of Pennsylvania for consideration of plaintiff's
complaint and his motion to proceed in forma pauperis.

        Venue for actions under 42 U.S.C. § 1983 is governed by
28 U.S.C. § 1391(b), which provides that this action may be
brought in "(1) a judicial district where any defendant resides,
if all defendants reside in the same state, (2) a judicial
district in which a substantial part of the events or omissions
giving rise to the claim occurred, or a substantial part of the
property that is the subject of the action is situated, or (3) a

7-26-11 mailed to J. Smith
                Middle District

judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Plaintiff alleges that his constitutional rights were violated while he was confined at York County Prison, which is located in the Middle District of Pennsylvania. Because plaintiff does not allege, nor does anything in his complaint suggest, that his claims arose in the Eastern District of Pennsylvania, or that any defendant in this action resides in the Eastern District of Pennsylvania, venue is improper in this judicial district. When venue is improper, as in this case, the Court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Under the facts set forth in the complaint, this case could have been brought in the United States District Court for the Middle District of Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), the Court will transfer this case to the United States District Court for the Middle District of Pennsylvania.

ACCORDINGLY, it is, this 22nd day of July, 2011, ORDERED as follows:

1.   Temporary leave to proceed in forma pauperis is GRANTED for the sole purpose of filing this action in this Court;

2.   The Clerk of Court shall TRANSFER this action to the United States District Court for the Middle District of Pennsylvania along with a certified copy of the docket, and all papers and the file in this matter; and

3.    The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

JAMES KNOLL GARDNER, J.