**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOEL BRETT SMITH,** | : | **CIVIL NO. 1:CV-11-1697** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **MARY E. SABOL, et al.,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Joel Brett Smith ("Smith"), at the time an inmate confined at the State Correctional

Institution at Chester, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Listed as Defendants in the caption of the complaint are the following officials and employees at

the York County Prison, Smith's former place of confinement: Warden Mary E. Sabol, Deputy

Wardens Michael Buono and Clair Doll, Captain Dairyman and Correctional Officer

Raffinsburger.  Smith requests leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this matter.[1]  (Doc. No. 1.)

Obligatory preliminary screening reveals that the complaint contains deficiencies which preclude

service in its present form.[2]  Consequently, Smith will be afforded the opportunity to file an

---

[1]  While Smith was confined in prison at the time he filed this action, he is no longer
incarcerated.  He has been released and now resides in Windsor, Pennsylvania.  As such, the
Court can consider his motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (Doc. No. 1) without the requirement
that he execute an authorization form.  After considering the pending application, the Court has
decided to grant Smith's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in this matter.

[2]  Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that - (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted; or (iii) seeks
> monetary relief against a defendant who is immune from such

amended pleading in this action.

## I.        Allegations of the Complaint

Smith states that he was assaulted by two inmates while confined at the York County Prison.  As a result of the assault, he states he suffered a broken jaw, two black eyes, lumps on his head and injury to his neck.  He alleges that his jaw had to be wired shut, and that he was sent to the emergency room at the York County Hospital for the appropriate course of treatment.  He then alleges that "wires fell out and prison officials done nothing for 4-5 days, then [he] was sent out to see a Susquehanna oral surgeon."  (Doc. No. 3, Compl. at 3.)  At this point his allegations become murky.  He states that he was offered surgery by York County Prison, but that he refused.  He claims that wires were placed in his mouth that fell out and caused other dental problems.  He states that he wishes to seek his own medical treatment upon his release from custody, and feels that he will not receive proper treatment based upon what he already gone through.  As relief , Smith seeks an award of $175,000.00, as well as proper surgery to fix his jaw and facial structure.

## II.       Standard of Review

Despite the fact that Plaintiff is no longer an inmate, § 1915(e)(2) applies to all in forma pauperis complaints, and not just to prisoners.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110, n. 10 (3d Cir. 2002); Lopez v. Smith, 203 F.2d. 1122, 1129 (9th Cir. 2000); Fortune v. Domestic Relations York County, No. 1:CV-11-0823, 2011 WL 2267583 (M.D. Pa. May 16, 2011).  A complaint filed in forma pauperis may be dismissed if it is determined that the action is

relief.

frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor.  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough.  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009).  "[M]ore than labels and conclusions" are required.  Twombly, 550 U.S. at 555.

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  Grayson, 293 F.3d at 106.

## III.   Discussion

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the

conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003).  Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003).  A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  A civil rights complaint is adequate if it states the conduct, time, place and persons responsible for the alleged civil rights violations.  Evancho, 423 F.3d at 353.  There is no respondeat superior liability in § 1983 actions.  Id.

Based upon the above legal standards, any claims against the Defendants named in this action are subject to dismissal in that Smith fails to set forth any allegations against them in the complaint. He does not assert how any of the named Defendants participated in the denial of any of his constitutional rights, including the denial of adequate medical care, their reasons for doing so, or where and when each Defendant was involved in any alleged wrongdoing.  Without more specifics, it is impossible to find that Defendants played any role in the deprivation of Smith's constitutional rights.  Thus, based on the present complaint, Smith's § 1983 complaint against Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim upon which relief may be granted against them.  Although the complaint as filed fails to state a cause of action against any of the named Defendants, it is possible that the deficiencies may be remedied by amendment.  Thus, he will be granted twenty (20) days to file an amended complaint.

If Smith opts to amend, his amended complaint should be short and plain, <u>see</u> Fed. R. Civ. P. 8(a), and must aver what each individual named defendant did that led to a deprivation of his constitutional or other federal rights.  <u>Iqbal</u>, <u>supra</u>, 129 S. Ct. at 1948-49.  Smith is also advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." <u>Young v. Keohane</u>, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Smith's failure to file an appropriate amended complaint will result in the dismissal of this action.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOEL BRETT SMITH,** | : | **CIVIL NO. 1:CV-11-1697** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **MARY E. SABOL, et al.,** | : | |
| **Defendants** | : | |

## ORDER

     **AND NOW**, this 28th day of September, 2011, upon consideration of Plaintiff's

complaint (Doc. No. 3), **IT IS HEREBY ORDERED THAT:**

    1.     Plaintiff's motion to proceed in forma pauperis (Doc. No. 1) is **granted**.

    2.     The claims against all Defendants are dismissed under 28 U.S.C.
        § 1915(e)(2)(B)(ii) for failure to state a claim.

    3.     Plaintiff is afforded twenty (20) days from the date of this order to file an
        amended complaint in accordance with the accompanying Memorandum.  The
        amended complaint shall carry the same civil docket number (1:11-CV-1697)
        presently assigned to this matter.  The Clerk of Court shall forward to Plaintiff
        two (2) § 1983 civil rights form complaints for his use in preparing the amended
        complaint.

    4.     The failure to file a proper amended complaint will result in the dismissal of this
        action pursuant to 28 U.S.C. § 1915(e)(2)(B).

                              s/Yvette Kane_____
                              YVETTE KANE, Chief Judge
                              Middle District of Pennsylvania