**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOEL BRETT SMITH,** | : | **CIVIL NO. 1:CV-11-1697** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **MARY E. SABOL, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.      Background**

          Joel Brett Smith ("Smith"), at the time an inmate confined at the State Correctional

Institution at Chester, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.

He has since been released from prison.  Named as Defendants in the caption of the complaint

are several employees at the York County Prison, Smith's former place of confinement. (Doc.

No. 1.)  Obligatory preliminary screening previously conducted by the Court revealed that the

complaint contained deficiencies which precluded service in its present form.[1]  In particular,

while it appeared that Smith attempted to raise claims of failure to protect and inadequate

medical care under the Eighth Amendment, he failed to assert how any of the named Defendants

---

          [1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that - (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted; or (iii) seeks
> monetary relief against a defendant who is immune from such
> relief.

participated in the denial of his constitutional rights.  Consequently, the Court issued a

Memorandum and Order on September 28, 2011, dismissing Smith's claims under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim, but affording him the opportunity to file an

amended complaint in this action.  (Doc. No. 9.)  Presently pending before the Court is a motion

to appoint counsel (Doc. No. 7), as well as two (2) identical filings entitled "Amendment of the

Above Captioned Civil Complaint." (Doc. Nos. 10, 11.)  These filings will also be construed as

requests for the appointment of counsel.[2]  The motions for counsel will be denied, and Smith

directed to file an amended complaint within fourteen (14) days.  The failure to do so will result

in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

II.    **Discussion**

Although prisoners have no constitutional or statutory rights to appointment of counsel in

a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad

discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1).  Montgomery v. Pinchak,

294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v.

Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  The United States Court of Appeals for the Third

Circuit has stated that the appointment of counsel for an indigent litigant should be made when

circumstances "indicate the likelihood of substantial prejudice to him resulting, for example,

from his probable inability without such assistance to present the facts and legal issues to the

court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d

---

[2]  In these identical filings, Smith states that he is without legal knowledge and briefly
summarizes the claims alleged in his original complaint.  While he does specifically refer to
certain Defendants, he states that because he does not understand the law he wishes to be
appointed counsel to assist him in this matter. He appears to submit these filings as requests for
counsel, and not as any form of amended complaint.

Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." <u>Montgomery</u>, 294 F.3d at 499.  For purposes of this motion, the Court will assume that Smith's case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1.  The plaintiff's ability to present his or her own case;

2.  The difficulty of the particular legal issues;

3.  The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4.  The plaintiff's capacity to retain counsel on his or her own behalf;

5.  The extent to which a case is likely to turn on credibility determinations; and

6.  Whether the case will require testimony from expert witnesses.

<u>Montgomery</u>, 294 F.3d at 499 (citing <u>Tabron</u>, 6 F.3d at 155-57).

The pending motions fail to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  <u>Tabron</u>, 6 F.3d at 155-56.  The pleadings submitted thus far do not contain complicated legal issues.  Smith has filed the pending motions for counsel and appears fully capable of litigating this action on his own.  It cannot be said, at least at this point, that Smith will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.  This Court's liberal construction of <u>pro se</u> pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Smith's apparent ability to litigate this action, weigh against the appointment of counsel.  His pending motions will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte*

3

or upon a properly filed motion.  In addition, Smith will be afforded a final opportunity to submit an amended complaint in this action if he so chooses.  In so doing, he is guided by this Court's Memorandum and Order of September 28, 2011, requiring him to submit an amended complaint wherein he alleges facts asserting how each Defendant participated in the violation of his constitutional rights.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOEL BRETT SMITH,** | : | **CIVIL NO. 1:CV-11-1697** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **MARY E. SABOL, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 7th  day of December, 2011, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's filings of October 13, 2011 (Doc. No. 10) and December 2, 2011 (Doc. No. 11) are construed to be requests for the appointment of counsel.

2. Plaintiff's pending motions for the appointment of counsel (Doc. Nos. 7, 10 and 11) are **denied without prejudice**.

3. Plaintiff is afforded fourteen (14) days from the date of this order to file an amended complaint in accordance with the Memorandum and Order issued by this Court on September 28, 2011.

4. The failure to file a proper amended complaint will result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B).


 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania