# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL BRETT SMITH, | : | CIVIL NO. 1:CV-11-1697 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| MARY E. SABOL, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Joel Brett Smith ("Smith"), at the time an inmate confined at the State Correctional Institution at Chester, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. He has since been released from prison. The matter proceeds on an amended complaint. (Doc. No. 13.) Named as Defendants are the following employees at the York County Prison, Smith's former place of confinement: Warden Mary Sabol, Captain Dairyman and Correctional Officer Raffinsburger. Presently pending before the Court are Defendants' motion to dismiss the amended complaint (Doc. No. 16) and Plaintiff's third motion for the appointment of counsel in this matter (Doc. No. 20). For the reasons that follow, the motion for counsel will be denied without prejudice, and the motion to dismiss will be granted in part and denied in part.

## I. Background

In the amended complaint Plaintiff alleges that on or about January 14, 2010, he informed Defendants Dairyman and Raffinsburger about problems between himself and two other inmates confined at the York County Prison that would lead to physical violence. Defendants informed Plaintiff that "there will be no problems and for [Plaintiff] not to worry that it will be taken care of." (Doc. No. 13, Am. Compl. at 1.) After informing Defendants of his concerns, Plaintiff alleges that he was assaulted by the two inmates he complained about, and

was seriously injured and suffered physical pain.  He further maintains that responsibility for this incident should also be placed on Mary E. Sabol, Warden at York County Prison, because Defendants are Sabol's employees.   He seeks compensatory damages.

## II.     Motion for Counsel

Plaintiff has filed his third motion requesting the appointment of counsel in this matter.  The Court denied the previous motions for counsel on December 7, 2011.  (Doc. No. 12.)  The standard utilized in analyzing an inmate's request for counsel was thoroughly set forth in the Court's earlier Memorandum and, as such, will not be reiterated herein.  In the instant motion Plaintiff seeks the appointment of counsel on the basis that he was recently laid off from his job and is unable to collect unemployment.  (Doc. No. 20.)  For this reason, he seeks the appointment of counsel in this case.

The argument Plaintiff sets forth in support of his renewed request for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time in light of the factors discussed in Montgomery v. Pinchak, 294 F.3d 492 (3d Cir. 2002) and Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  Even assuming Plaintiff's case has arguable merit, it is clear that the issues before the Court are not complicated, and that Plaintiff has demonstrated that he is fully capable of litigating this action on his own.  It cannot be said that he will suffer substantial prejudice if he is required to proceed with the prosecution of this case without the aid of counsel.  In fact, presently pending before the Court is Defendants' motion to dismiss and Plaintiff has submitted his opposition to this motion.  For these reasons, the motion for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion.

**III.    Motion to Dismiss**

Defendants move to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of failure to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (citing Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative

level). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949, 173 L. Ed. 2d 868. When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A civil rights complaint is adequate if it states the conduct, time, place and persons responsible for the alleged civil rights violations. Evancho, 423 at 353. There is no respondeat superior liability in § 1983 actions. Id.

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994). To establish that prison officials violated the Eighth Amendment by failing to prevent harm, an inmate must satisfy a two-pronged test that includes an objective and subjective element. Farmer, 511 U.S. at 828-29. An inmate must show (1) that the prison conditions posed a

4

substantial risk of serious harm and (2) that prison officials were deliberately indifferent to the inmate's safety.  Id. at 834.  Prison officials exhibit deliberate indifference when they know of and disregard an excessive risk to inmate safety; mere negligence will not suffice.  Id. at 835-37. To constitute deliberate indifference as defined in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  However, an official who knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the Eighth Amendment, even if the threatened harm results.  Id. at 843.

In the instant case, Plaintiff has been granted leave to file an amended complaint.  In the amended complaint he alleges that he informed Defendants Dairyman and Raffinsburger of problems between he and the two other inmates and that the problems would result in physical violence.  These Defendants informed Plaintiff that there would be no problems, Plaintiff should not worry and it would be taken care of.  Afterward, Plaintiff claims he was assaulted by said inmates.  Without passing judgment as to the ultimate success of Plaintiff's failure to protect claim, the Court finds that it should be permitted to proceed at this juncture, and Plaintiff afforded the opportunity to develop his claim against Defendants Dairyman and Raffinsburger.

The claim set forth against Defendant Sabol, however, is subject to dismissal.  Even after being afforded the opportunity to amend his complaint, Plaintiff fails to set forth any factual assertions indicating that Warden Sabol personally participated in, had knowledge of, or was involved in the denial of protection to Plaintiff.  For these reasons, Defendants' motion to dismiss will be granted with respect to Defendant Sabol and denied with respect to Defendants Dairyman and Raffinsburger.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL BRETT SMITH,** | : | CIVIL NO. 1:CV-11-1697 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **MARY E. SABOL, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 6th day of December, 2012, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for the appointment of counsel (Doc. No. 20) is **denied without prejudice**.

2. Defendants' motion to dismiss (Doc. No. 16) is **granted in part and denied in part**. The motion is granted to the extent that all claims are dismissed in their entirety against Defendant Sabol and that said Defendant is dismissed from this action. The motion is denied in all other respects.

3. Within twenty (20) days from the date of this order, Defendants Dairyman and Raffinsburger shall file an answer to the amended complaint.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania