# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL BRETT SMITH, | : | CIVIL NO. 1:CV-11-1697 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| | : | |
| MARY E. SABOL, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On September 12, 2011, Plaintiff Joel Brett Smith ("Smith") filed this civil rights action pursuant to 42 U.S.C. § 1983. At the time, Smith was incarcerated at the State Correctional Institution at Chester, Pennsylvania, but has since been released from prison. In the complaint he names as defendants various employees at the York Count Prison, Pennsylvania, his former place of confinement. Presently pending is Smith's "Motion to Withdraw Claim." (Doc. No. 24.) This filing will be construed as a motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). The motion will be granted and, for the reasons that follow, the dismissal will be with prejudice.

## I.      Procedural Background

This matter proceeds on an amended complaint. (Doc. No. 13.) In the amended complaint Smith names York County Prison employees Warden Mary E. Sabol, Captain Dairyman and Correctional Officer Raffinsburger as defendants. He claims that on or about January 14, 2010, he informed Defendants Dairyman and Raffinsburger about problems between himself and two other inmates confined at the York County Prison that would lead to physical violence. Defendants informed Smith that "there will be no problems and for [Plaintiff] not to

worry that it will be taken care of." (Doc. No. 13 at 1.) After informing Defendants of his concerns, Smith alleges that he was assaulted by the two inmates he complained about, and suffered injuries and physical pain. He further maintains that responsibility for this incident should also be placed on Mary Sabol because Dairyman and Raffinsburger are her employees.

On June 1, 2012, Defendants filed a motion to dismiss the complaint. (Doc. No. 16.) Following briefing, the motion was granted in part and denied in part on December 6, 2012. The motion was granted to the extent that all claims set forth against Defendant Sabol were dismissed. The motion was denied in all other respects and the remaining two (2) Defendants were directed to submit an answer to the amended complaint. (Doc. No. 21.) An answer was thereafter filed on December 26, 2012. (Doc. No. 22.) Discovery is currently taking place. Dispositive motions are due on July 19, 2013. (Doc. No. 23.) On May 9, 2013, Smith filed the pending motion seeking to withdraw his claim. (Doc. No. 24.) In the motion he states that he no long seeks to continue with this action in that he does not have the funds to retain an attorney and does not have the education necessary to proceed.

**II.     Discussion**

The Court will construe Smith's "Motion to Withdraw Claim" (Doc. No. 24) as a request for the voluntary dismissal of this action. Due to the procedural posture of this matter, the dismissal shall be pursuant to Fed. R. Civ. P. 41(a)(2), and will be with prejudice. Rule 41 which addresses the dismissal of actions provides as follows:

(a)     Voluntary Dismissal.

  (1)     By the Plaintiff.

  (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss

>    an action without court order by filing:
>
>    (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>    (ii) a stipulation of dismissal signed by all parties who have appeared.
>
>    (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
>    (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). Procedurally, Rule 41(a)(1) is not available to Smith because Defendants have filed their answer to the complaint. (Doc. No. 22.) Consequently, his request for termination of this action will be construed as a request for voluntary dismissal pursuant to Rule 41(a)(2) and requires a court order. Further, due to the extent to which this matter has been litigated, and taking into consideration the judicial and other legal resources that have been invested to this point, the Court finds that it is appropriate that such dismissal shall be with prejudice.

It is well within a court's discretion to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action. See Chodorow v. Roswick, 160 F.R.D. 522, 523 (E.D. Pa. 1995). Factors to be considered in deciding whether to grant the dismissal with prejudice include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the

motion to voluntarily dismiss and his explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.  See Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008).

If the Court dismissed this matter without prejudice, and Smith were to resurrect the action at some unspecified point in the future, there can be no doubt that Defendants would be significantly prejudiced by the excessive and duplicative expense of a second litigation.  Moreover, it is clear from procedural history in this matter that significant judicial and other legal resources have already been expended on this litigation and that there has been forward progress to the point of discovery and preparation for the filing of a dispositive motion.  After 1½ years of litigating this matter, Smith has decided that he no longer wishes to pursue this action.  It may be that he has lost interest in doing so due to his release from prison.  Further, even if the statute of limitations would not bar a second suit, it would be prejudicial to require Defendants to defend these claims again.  For these reasons, Smith's motion will be granted, and the case will be dismissed with prejudice.  An appropriate order follows.

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL BRETT SMITH,<br>　　　Plaintiff<br><br>　　v.<br><br>MARY E. SABOL, et al.,<br>　　　Defendants | : 　CIVIL NO. 1:CV-11-1697<br>:<br>: 　(Chief Judge Kane)<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW, THIS 30th DAY OF MAY, 2013**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's "Motion to Withdraw Claim" (Doc. No. 24) is construed as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

2. Plaintiff's motion for voluntary dismissal (Doc. No. 24) is granted and this action is dismissed with prejudice pursuant to Fed. .R. Ci. P. 41(a)(2).

3. The Clerk of Court is directed to **close this case**.

4. Any appeal from this order is deemed frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

　　　　　　　　　　　　　　　　S/ Yvette Kane
　　　　　　　　　　　　　　　　YVETTE KANE, Chief Judge
　　　　　　　　　　　　　　　　Middle District of Pennsylvania